```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  JASON HITT
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone:  (916) 554-2751

 5

 6

 7

 8              IN THE UNITED STATES DISTRICT COURT

 9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,    )   Mag. No. 11-mj-0312 KJN
                                 )
12              Plaintiff,       )   STIPULATION AND [PROPOSED]
                                 )   ORDER CONTINUING PRELIMINARY
13       v.                      )   HEARING AND EXCLUDING
                                 )   TIME
14  NATHAN V. HOFFMAN, and       )
    HUNG NGUYEN,                 )
15                               )
                Defendants.      )
16  _____)

17
```

18     IT IS HEREBY STIPULATED by and between Assistant United States

19 Attorney Jason Hitt, counsel for the plaintiff United States of

20 America, and defendant Nathan V. HOFFMAN, by and through his counsel

21 Robert Helfend, Esq., and Hung NGUYEN, by and through his counsel

22 James R. Greiner, Esq., that good cause exists to extend the

23 preliminary hearing currently set for October 28, 2011, at 2:00 p.m.

24 to January 6, 2012, pursuant to Federal Rule of Criminal Procedure

25 5.1(d).

26     Good cause exists to extend the time for the preliminary

27 hearing within meaning of Rule 5.1(d) because extensive discovery

28 will be provided to the defense and counsel for each defendant will

need time to review the voluminous materials and determine whether a pre-indictment resolution of the case against each defendant is possible. The discovery in this case and the facts of the alleged conspiracy are "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T2). In particular, the discovery produced to date consists of more than 2,000 bates-numbered items which includes reports, video, and audio materials. The United States represents that there is a significant amount of additional discoverable material from four search warrants served at locations alleged to be associated with HOFFMAN and NGUYEN that will need to be examined by defense counsel. Indeed, the underlying Criminal Complaint in this case is more than 50 pages and incorporates an even longer affidavit from a previously-executed search warrant related to HOFFMAN. In addition, this case is directly related to pending cases charging more ten defendants in the Eastern District of California: United States v. Ebyam, Case No. 2:11-cr-00275 JAM, and United States v. Ebyam, et al., Case No. 2:11-cr-00276 JAM. These pending cases add to the unusual nature of the case and increase the complexity of defending each of these defendants.

As a result, each of the defendants agree that a continuance of the preliminary hearing date will not prejudice either of them because a pre-indictment resolution could result in an overall sentencing exposure that is significantly reduced for each defendant or, at a minimum, provide each defendant's counsel to understand the nature and scope of the evidence in this case in order to prepare an effective defense. Each defendant is out of custody.

/ / /

/ / /

Counsel further stipulate that an exclusion of time from October 28, 2011, to January 6, 2012, is appropriate under the Speedy Trial Act because the United States will soon be providing voluminous pre-indictment discovery and each defense counsel will need substantial time to obtain and review that discovery.  In addition, each defendant's counsel concurs that this matter is "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T2) because of the voluminous discovery, the complexity and unusual nature of the underlying conspiracy theory, and the many pending indicted defendants in two related cases.  As a result, counsel for both parties stipulate that the ends of justice are served by the Court excluding such time and outweigh each defendant's interest in a speedy trial, as well as the public's interest in a speedy trial, so that counsel for each defendant may have reasonable time necessary for effective preparation, taking into account the exercise of due diligence under 18 U.S.C. § 3161(h)(7)(B)(iv).  Therefore, time should be excluded from

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

computation under the Speedy Trial under 18 U.S.C. § 3161(h)(7)(A) (Local Code T4). The parties further stipulate that time should be excluded based upon the complexity of this case under 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T2).

DATED: October 24, 2011   /s/Jason Hitt
                          JASON HITT
                          Assistant U.S. Attorney


DATED: October 24, 2011   /s/Jason Hitt
                          ROBERT HELFEND, ESQ.
                          Counsel for defendant
                          NATHAN V. HOFFMAN
                          Authorized to sign for
                          Mr. Helfend on 10-23-11

DATED: October 24, 2011   /s/Jason Hitt
                          JAMES R. GREINER, ESQ.
                          Counsel for defendant
                          HUNG C. NGUYEN
                          Authorized to sign for
                          Mr. Greiner on 10-23-11

**O R D E R**

Based upon the representations by counsel and the stipulation of the parties, **IT IS HEREBY ORDERED** that:

1. The Court finds good cause to extend the Preliminary Hearing currently set for October 28, 2011, to January 6, 2012, at 2:00 p.m. pursuant to Federal Rule of Criminal Procedure 5.1(d);

2. Based upon the above representations and stipulation of the parties, the Court further finds that the ends of justice outweigh the best interest of the public and each defendant in a speedy trial. Accordingly, time under the Speedy Trial Act shall be excluded through January 6, 2012, pursuant to 18 U.S.C. § 3161(h)(7)(A) (Local Code T4). The Court further finds that this case complex and unusual because of the voluminous discovery supporting the charges, the unique form of drug conspiracy in the case, and the large number of pending indicted defendants in two related cases captioned: <u>United States v. Ebyam</u>, Case No. 2:11-cr-00275 JAM, and <u>United States v. Ebyam, et al.</u>, Case No. 2:11-cr-00276 JAM. Accordingly, time under the Speedy Trial Act shall be excluded through January 6, 2012, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T2).

**IT IS SO ORDERED**.

DATED:_October 27, 2011

                                        /s/ Gregory G. Hollows  
                           UNITED STATES MAGISTRATE JUDGE