BENJAMIN B. WAGNER
United States Attorney
JASON HITT
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2751

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Mag. No. 11-mj-0312 KJN |
| Plaintiff, | STIPULATION AND ORDER CONTINUING PRELIMINARY HEARING AND EXCLUDING TIME |
| v. | |
| NATHAN V. HOFFMAN, and HUNG NGUYEN, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Assistant United States Attorney Jason Hitt, counsel for the plaintiff United States of America, and defendant Nathan V. HOFFMAN, by and through his counsel Robert Helfend, Esq., and Hung NGUYEN, by and through his counsel Donald M. Re, Esq., that good cause exists to extend the preliminary hearing currently set for August 3, 2012, at 2:00 p.m. to August 31, 2012, pursuant to Federal Rule of Criminal Procedure 5.1(d).

Good cause exists to extend the time for the preliminary hearing within meaning of Rule 5.1(d) because more than 5,000 pages of discovery has already been provided to the defense and counsel for each defendant needs additional time to review the voluminous

1

materials and determine whether a pre-indictment resolution of the case against each defendant is possible.  In addition, counsel for defendant NGUYEN has been notified that approximately 20 boxes of search warrant material seized from marijuana dispensaries in Southern California are available for his review at the IRS Office in Sacramento.  Counsel for defendant NGUYEN is planning to travel from Southern California to the IRS Office to begin a lengthy review process of the seized materials as part of his defense preparation in this case.  The discovery in this case and the facts of the alleged conspiracy are "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T2).  In particular, the discovery produced to date consists of more than 2,000 bates-numbered items which includes reports, video, and audio materials.  The discoverable material also spans four search warrants served at locations alleged to be associated with HOFFMAN and NGUYEN that are still being examined by defense counsel for both defendants.  Indeed, the underlying Criminal Complaint in this case is more than 50 pages and incorporates an even longer affidavit from a previously-executed search warrant related to HOFFMAN.  In addition, this case is directly related to pending cases charging more ten defendants in the Eastern District of California: United States v. Ebyam, Case No. 2:11-cr-00275 JAM, and United States v. Ebyam, et al., Case No. 2:11-cr-00276 JAM.  These pending cases add to the unusual nature of the case and increase the complexity of defending each of these defendants.  Finally, the United States anticipates presenting this case to a Grand Jury prior to August 31, 2012, if a resolution is not reached shortly.

///

As a result, each of the defendants agree that a continuance of the preliminary hearing date will not prejudice either of them because a pre-indictment resolution could result in an overall sentencing exposure that is significantly reduced for each defendant or, at a minimum, provide each defendant's counsel to understand the nature and scope of the evidence in this case in order to prepare an effective defense. Each defendant is out of custody.

Counsel further stipulate that an exclusion of time from August 3, 2012, to August 31, 2012, is appropriate under the Speedy Trial Act because of need to continue reviewing the voluminous pre-indictment discovery and each defense counsel represents that each need substantial additional time to review the discovery. In addition, each defendant's counsel concurs that this matter is "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T2) because of the voluminous discovery, the complexity and unusual nature of the underlying conspiracy theory, and the many pending indicted defendants in two related cases. As a result, counsel for both parties stipulate that the ends of justice are served by the Court excluding such time and outweigh each defendant's interest in a speedy trial, as well as the public's interest in a speedy trial, so that counsel for each defendant may have reasonable time necessary for effective preparation, taking into account the exercise of due diligence under 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, time should be excluded from

/ / /

/ / /

/ / /

/ / /

computation under the Speedy Trial under 18 U.S.C. § 3161(h)(7)(A) (Local Code T4). The parties further stipulate that time should be excluded based upon the complexity of this case under 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T2).

DATED: August 1, 2012  /s/Jason Hitt
JASON HITT
Assistant U.S. Attorney

DATED: August 1, 2012  /s/Jason Hitt
ROBERT HELFEND, ESQ.
Counsel for defendant
NATHAN V. HOFFMAN
Authorized to sign for
Mr. Helfend on 07-31-12

DATED: August 1, 2012  /s/Jason Hitt
DONALD M. RE, ESQ.
Counsel for defendant
HUNG C. NGUYEN
Authorized to sign for
Mr. Re on 07-31-12

# O R D E R

Based upon the representations by counsel and the stipulation of the parties, **IT IS HEREBY ORDERED** that:

1. The Court finds good cause to extend the Preliminary Hearing currently set for August 3, 2012, to August 31, 2012, at 2:00 p.m. pursuant to Federal Rule of Criminal Procedure 5.1(d);

2. Based upon the above representations and stipulation of the parties, the Court further finds that the ends of justice outweigh the best interest of the public and each defendant in a speedy trial. Accordingly, time under the Speedy Trial Act shall be excluded through August 31, 2012, pursuant to 18 U.S.C. § 3161(h)(7)(A) (Local Code T4). The Court further finds that this

case complex and unusual because of the voluminous discovery supporting the charges, the unique form of drug conspiracy in the case, and the large number of pending indicted defendants in two related cases captioned: <u>United States v. Ebyam</u>, Case No. 2:11-cr-00275 JAM, and <u>United States v. Ebyam, et al.</u>, Case No. 2:11-cr-00276 JAM. Accordingly, time under the Speedy Trial Act shall be excluded through August 31, 2012, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T2).

**IT IS SO ORDERED.**

DATED: August 2, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE